UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
AUG - 7 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |
|---|---|
| ROBERT S. FASTOV, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 97-0578 (PLF) |
| CHRISTIE'S INTERNATIONAL P.L.C., *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendants' motion for entry of condemnation judgment, plaintiff's motion to grant a stay of execution of the judgment and plaintiff's amended motion to grant a stay of execution of the judgment. On February 24, 2005, this case was reassigned from the undersigned to Judge William Stafford of the United States District Court for the Northern District of Florida. On February 22, 2006, Judge Stafford granted defendants' motion for summary judgment. Defendants then filed a motion for attorneys' fees, arguing that plaintiff should be sanctioned for the bad faith and vexatious conduct he displayed during litigation. Defendants sought fees and costs totaling $630,043.32.

On March 14, 2007, Judge Stafford granted defendants' motion for attorneys' fees, and referred the matter to Magistrate Judge Alan Kay for a report and recommendation on the amount of fees to be awarded. After holding a hearing, Judge Kay recommended that Judge Stafford order plaintiff to pay fees and expenses in the reduced amount of $110,000.00 in light of plaintiff's financial situation. On April 25, 2008, Judge Stafford adopted Judge Kay's report and recommendation, but directed plaintiff to pay defendants $630,043.32. The Clerk of the Court

entered judgment for defendants in that amount. Plaintiff then filed a notice of appeal to the United States Court of Appeals for the District of Columbia Circuit on May 21, 2008. That appeal remains pending. On June 23, 2008, this case was once again reassigned, this time from Judge Stafford to the undersigned.

Following the entry of judgment on April 25, 2008, the Clerk of the Court issued a writ of attachment against funds held by plaintiff in a brokerage account at Johnston, Lemon & Co., Inc. ("Johnston"). Johnston holds assets valued at $1,233,631.00 in plaintiff's account number            Kenneth Miller, a Johnston employee who is responsible for implementing the writ of attachment, has represented that Johnston "is prohibited and will not permit Plaintiff Robert S. Fastov to withdraw or sell any of the assets in such account number . . . unless permitted to do so by the Court." See Declaration Under Penalty of Perjury of Kenneth I. Miller ¶ 2 [169-2]. Mr. Miller has also represented that Johnston "is prohibited and will not pay out and disburse to Plaintiff Robert S. Fastov any income produced or generated by or accruing from the assets in such account number . . . unless permitted to do so by the Court." Id. ¶ 4.

Defendants now ask the Court to enter a condemnation judgment directing Johnston to satisfy the judgment entered against plaintiff out of the funds in the Johnston account. Plaintiff has filed two motions. These motions ask the Court to stay execution of the judgment against plaintiff, permit plaintiff to forego the filing of a supersedeas bond, and modify the writ of attachment to permit plaintiff to continue receiving income "produced or generated by or accruing from the assets" in the Johnston account. The Court has carefully considered the parties' papers, bearing in mind the limited jurisdiction it exercises during the pendency of plaintiff's appeal. The Court concludes that it would be in the interest of justice to stay execution

of the judgment and modify the writ of attachment as described below. The Court further concludes that plaintiff should not be required to file a supersedeas bond at this time, as the corpus of the Johnston account exceeds one million dollars in value and plaintiff will not be permitted to access that corpus while his appeal is pending. Accordingly, it is hereby

ORDERED that Defendants' Motion for Entry of Condemnation Judgment [164] is DENIED without prejudice. Given the Court's determination that a stay of execution of the judgment is appropriate pending appeal, defendants' motion for entry of condemnation judgment is premature. Defendants may renew their motion after resolution of plaintiff's appeal; it is

FURTHER ORDERED that plaintiff's motion for a stay of execution of the judgment [166] is GRANTED. Execution of the judgment is stayed until plaintiff's appeal is resolved or until further Order of this Court. In addition, plaintiff will not be required to post a supersedeas bond at this time; and it is

FURTHER ORDERED that plaintiff's amended motion for a stay of execution of the judgment and to modify the writ of attachment [169] is GRANTED. The Court will modify the writ of attachment issued to Johnston with respect to account number          as follows: Until further Order of this Court, plaintiff will not be permitted to withdraw, liquidate or otherwise dispose of the assets constituting the corpus of account number
Johnston may, however, continue disbursing to plaintiff investment income generated by account number

SO ORDERED.

DATE: 8/5/08

PAUL L. FRIEDMAN
United States District Judge